UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80272-CIV-MARRA/JOHNSON

WHEELER'S MOVING &
STORAGE, INC.,

    Plaintiff,
v.

MARKEL INSURANCE CO.,
VANLINER INSURANCE CO.,
and BENJAMIN MCTIGUE,

    Defendants.
_____/

## ORDER AND OPINION

This Cause is before the Court upon Plaintiffs' Corrected Motion for Remand [DE 27]; Defendant Markel Insurance Company's Motion to Re-Align the Parties or Dismiss Defendant McTigue [DE 22]; and Vanliner Insurance Company's Joinder in Markel Insurance Company's Motion to Realign Parties [DE 30]. The Motion for Remand is fully briefed and ripe for review. The Court has carefully considered the relevant filings and is otherwise fully advised in the premises.

## Background

The instant case arises out of a judgment entered against the Plaintiff, Wheeler's Moving & Storage, Inc. ("Wheeler's"), on March 29, 2010, in the Palm Beach County Circuit Court in the amount of $1,419,128.56. The judgment creditor is Benjamin McTigue ("McTigue"). This action was removed from the Circuit Court of

the 15th Judicial Circuit in Palm Beach County, Florida.  In this case, Wheeler's is suing its insurers, Markel Insurance Company ("Markel") and Vanliner Insurance Company ("Vanliner"), and the judgment creditor McTigue.  Wheeler's is seeking a determination as to whether its insurers had a duty to defend it in the case brought against it by McTigue and, if so, whether the insurers also have an obligation to indemnify Wheeler's for the damages it has suffered as a result of the judgment entered against it.

On March 11, 2011, Vanliner removed the matter based upon diversity of citizenship of the parties and damages claimed by Plaintiff in excess of $75,000.  The premise upon which the motion to remand stands is that McTigue is an indispensable defendant to the action whose joinder defeats diversity because he is alleged to be a Florida resident.  Defendants assert that McTigue is not a proper defendant, and his Florida residency is, therefore, not a bar to diversity jurisdiction.  Defendants move to have McTigue realigned as a plaintiff.

**Motion to Remand**

Federal courts have jurisdiction over controversies between citizens of different states.  *See Navarro Savings Assoc. v. Lee*, 446 U.S. 458, 460 (1980).  The citizens that are considered in determining if a court has diversity jurisdiction are only those who are "real and substantial parties to the controversy." *Id*. at 460 (citations omitted).  As such, "a federal court must disregard nominal or formal

parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id*. at 461 (citations omitted).

The test for whether a defendant is an indispensable party, and thus a party whose citizenship must be considered, is whether, in the absence of the defendant, the court can enter a final judgment consistent with equity and good conscience that would not be in any way unfair or inequitable.  See *Tri-Cities Newspapers, Inc. v. Tri-Cities Pressman & Assistants' Local*, 427 F.2d 325, 327 (5th Cir. 1970)[1] (citation omitted).  "The question of whether or not a named defendant is a nominal party depends on the facts in each case." *Id*.

In its motion to remand, Wheeler's argues that Florida law requires McTigue's joinder in this action and that the only effective way Wheeler's could join McTigue was to name him as a defendant.  Wheeler's cites for authority *Bethel v. Security Nat. Ins. Co.*, 949 So.2d 219, 223 (Fla. Dist. Ct. App. 2006) which holds, "[b]efore any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse, and antagonistic interest in the subject matter should be before the court."

Wheeler's acknowledges that McTigue is in fact a third-party beneficiary of any insurance money paid to Wheeler's, but asserts that "McTigue's presence in this

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc* ), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

lawsuit is required to ensure that he is bound by this court's coverage determination, and not because Wheeler's is seeking any type of affirmative relief against him." Reply, DE 35 at 2.  As such, Wheeler's argues that because McTigue is a Florida citizen, this Court lacks diversity jurisdiction.

The Court rejects Wheeler's arguments that this Court lacks diversity jurisdiction.  For purposes of removal, federal law determines who is a plaintiff and who is a defendant, not state law.  State procedural provisions cannot control the privilege of removal granted by federal statutes.  *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954).  Assuming that McTigue's citizenship should be considered, the Court finds that it still has diversity jurisdiction, because McTigue's interests cannot be deemed antagonistic to the suit and he is more appropriately realigned as a plaintiff.  *Liddy v. Urbanek*, 707 F.2d 1222, 1224-25 (11th Cir. 1983) (even though corporation was real party in interest in shareholder derivative suit, as a practical matter the corporation ordinarily is named first as a defendant, then, if appropriate, realigned as a plaintiff).

Diversity jurisdiction is not dependant on the way the plaintiff aligns the parties in its complaint.  *See Earnest v. State Farm Fire & Casualty Co.*, 475 F. Supp. 2d 1113, 1117 (N.D. Ala. 2007) (citation omitted).  Instead, "it is the federal courts' duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute.  This Court must work out the relation of each party to the suit

4

according to the nature of his real interest, and then decide the question of jurisdiction." *Id.* (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941) and *Peters v. Standard Oil Co.*, 174 F.2d 162, 163 (5th Cir. 1949); *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir. 1984). It is a practical, not a mechanical, determination and is resolved by the pleadings and nature of the dispute. *Liddy*, 707 F.2d at 1224.

In determining whether the parties are properly aligned, the Court must determine the principal purpose of the case. *See Indemnity Ins. Co. of North America v. First National Bank at Winter Park, Fla.*, 351 F.2d 519, 522 (5th Cir. 1965) (citation omitted); *Boland v. State Automobile Mutual Ins. Co.*, 144 F. Supp. 2d 1282, 1285 (M.D. Ala. 2001). Thus, "'if interests of a party named as defendant coincide with those of plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as plaintiff for jurisdictional purposes.'" *Boland,* 144 F. Supp. 2d at 1284 (quoting *Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir.1983)).

The Complaint in this matter has three counts: Count I is a Breach of Contract claim against Markel, Count II is a Breach of Contract claim against Vanliner, and Count III is a claim for declaratory judgment against Markel. DE 4-1. The principal purpose of the action is to determine whether McTigue's judgment is covered by the insurance policies issued by Markel and Vanliner. Wheeler's interests in this suit are not adverse to McTigue's interest, because Wheeler's admittedly seeks no claim for

5

relief against McTigue.[2]  Instead, under the facts of this case, McTigue's interests can be said to be aligned with Wheeler's efforts to obtain indemnity from Markel and Vanliner, because if Wheeler's is successful, it will ensure that McTigue's judgment will be paid from insurance proceeds.  *See Earnest*, 475 F. Supp. 2d at 1117 (denying remand after realigning tort claimant as a plaintiff in a suit brought by an insured against his insurer for declaratory relief); *accord Cromwell v. Admiral Ins. Co.*, 2011 WL 2670098 (S.D. Ala. June 21, 2011), *aff'd* 2011 WL 26989356 (S.D. Ala. 2011); *La Shangrila, Inc. v. Hermitage Ins. Co.*, 2007 WL 2330912 (M.D. Fla. Aug. 13, 2007) (realigning parties in removed case based on interests; usual alignment in declaratory judgment action is insurer against insured and injured party).  As such, realignment of McTigue as a plaintiff is necessary and results in diversity jurisdiction.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiffs' Corrected Motion for Remand [DE 27] is DENIED and Defendant Markel Insurance Company's Motion to Re-Align the Parties or Dismiss Defendant McTigue [DE 22] is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent that McTigue is hereby realigned as a party plaintiff; it is

---

[2] The fact that Wheeler's interests were adverse to McTigue' interests in the underlying action is not relevant to the determination as to whether McTigue is properly aligned as a defendant in this case.  *See Boland*, 144 F. Supp. 2d at 1285; *Federal Ins. Co. v. Bill Harbet Construction Co.*, 82 F. Supp. 2d 1331, 1334 (S.D. Ala. 1999).

denied in the request to dismiss him from the action.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of August, 2011.

_____
KENNETH A. MARRA
United States District Judge

copies to:
all counsel of record