UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80272-CIV-MARRA/JOHNSON

WHEELER'S MOVING &
STORAGE, INC., and
BENJAMIN MCTIGUE,

    Plaintiffs,
v.

MARKEL INSURANCE CO.,
VANLINER INSURANCE CO.,

    Defendants.
_____/

### ORDER AND OPINION GRANTING VANLINER'S MOTION TO DISMISS

This Cause is before the Court upon Vanliner Insurance Company's Amended Motion to Dismiss Complaint With Prejudice [DE 19]. The motion is fully briefed and ripe for review. The Court has carefully considered the motion, response, reply and is otherwise fully advised in the premises.

### Introduction

This case arises out of a $1,419,128.56 judgment entered against Plaintiff, Wheeler's Moving & Storage, Inc. ("Wheeler's"), in Palm Beach County Circuit Court. The judgment creditor is Benjamin McTigue ("McTigue"). The matter was removed from the state court to this court based upon diversity of citizenship of the parties and damages claimed by Plaintiff in excess of $75,000. Wheeler's is suing its insurers, Markel Insurance Company ("Markel") and Vanliner Insurance Company ("Vanliner") (together, "Defendants") seeking a determination as to whether Defendants had a

duty to defend it in the case brought against it by McTigue and, if so, whether the insurers also have an obligation to indemnify Wheeler's for the damages it has suffered as a result of the judgment.  Previously, the Court denied Wheeler's Motion for Remand and granted Markel's Motion to Re-Align Defendant McTigue as a party plaintiff.  *See* DE 64.

The Complaint alleges three counts: Count I is a Breach of Contract claim against Markel, Count II is a Breach of Contract claim against Vanliner, and Count III is a claim for declaratory judgment against Markel.[1]  DE 4-1.  Plaintiff's Complaint incorporates, among other things, the McTigue Amended Complaint, McTigue's judgment and the Vanliner policy.  In the instant motion, Vanliner moves to dismiss the complaint as to it (Count II) for failure to state a claim under Fed. R. Civ. P. 12(b)(6) arguing that it fails to allege a basis for coverage under the Vanliner commercial automobile liability insurance policy for the McTigue claim.

<u>Allegations</u>

In the Complaint, Wheeler's alleges that it was insured under policies of insurance which included commercial general liability coverage issued by Markel and commercial automobile liability coverage issued by Vanliner.  Compl. ¶¶ 5, 8.  In

---

[1] On January 11, 2012, Plaintiff filed an amended complaint which adds another count against Vanliner (Count III) pursuant to umbrella liability insurance policy issued by Vanliner.  The filing of another count against Vanliner does not change the conclusions made herein regarding Count II, alleging breach of contract against Vanliner pursuant to its commercial auto policy.

paragraph 10, Wheeler's describes the underlying McTigue action as one arising from injuries suffered by McTigue due to having been "locked in a trailer located on the premises of the business operated by the Plaintiff." Compl. ¶ 10.  Wheeler's alleges that it provided Markel and Vanliner with a copy of McTigue's Amended Complaint and made a demand that they defend Wheeler's in the lawsuit and that it be indemnified for any damages awarded to McTigue.  Compl. ¶ 12.  Wheeler's alleges that Defendants refused to provide a defense to the lawsuit and have denied coverage to Wheeler's for the claims made against it by McTigue.  Compl. ¶ 13.  The Complaint states that a final judgment was entered in favor of McTigue and against Wheeler's in the amount of $1,419,128.56, exclusive of taxable costs, and that the judgment remains outstanding and unpaid.  Count II, the only count against Vanliner's, alleges that Vanliner's failure to provide Wheeler's with a defense to the lawsuit filed against it by McTigue constitutes a direct breach of the insurance contract.  Compl. ¶ 33.

McTigue's underlying Amended Complaint alleges two counts, one for "Negligent Hiring and/or Negligent Retention of Employee Dennis Crawford Against Defendant Wheeler's Moving & Storage," and another for "Negligent Supervision Claim Against Defendant Wheeler's Moving & Storage."  *See* DE 14-1 at 10-13 of 19.

**Standard of Review**

The general rule in federal court is that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2).  However, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1940-41 (2009).  Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

If an action is dismissed it should generally be dismissed without prejudice. *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239-40 (11th Cir. 2000).  Leave to amend, however, "need not be granted where amendment would be futile."  *Id.*; *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see, also*, *Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543, 553 (Fla. Dist. Ct. App. 2003). When a motion to amend is denied based upon futility, the court makes a legal conclusion that any amendment to the complaint necessarily would fail.  *St. Charles*

*Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).

Discussion

At the outset, Wheeler's concedes that the issue of whether its policy with Vanliner's provides coverage for the McTigue claim is a question of law for the Court. DE 25 at 2 of 5; *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1003 (11th Cir. 2001) ("[t]he question of the extent of coverage under an insurance policy is a question of law"); *Boatright v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2220250, *2 n.3 (M.D. Fla. June 2, 2010) (the phrase "arising out of the operation, maintenance or use of an uninsured motor vehicle" in an automobile insurance policy "is not ambiguous and should be construed by the Court as a matter of law").  "When assessing an insurance dispute, the insured has the burden of proving that a claim against it is covered by the policy, and the insurer has the burden of proving an exclusion to coverage." *Key Custom Homes, Inc. v. Mid-Continent Cas. Co.*, 450 F. Supp. 2d 1311, 1316 (M.D. Fla. 2006) (citations omitted).  Wheeler's argues that the Court should deny the motion to dismiss because it would be more appropriate to resolve the question of whether coverage exists under the Vanliner policy through competing motions for summary judgment, and because issues of fact may exist regarding whether Defendants were given proper notice of the McTigue claim.  DE 25 at 2.

**Duty to Defend**

Under Florida law, an insurer's duty to defend is determined solely from the allegations of fact in the complaint filed against the insured.  *See Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5, 9–10 (Fla. 2004); *National Union Fire Ins. Co. v. Lenox Liquors Inc.*, 358 So.2d 533, 536 (Fla. 1978).  If the facts alleged show any basis for imposing liability upon the insured that falls within the policy coverage, the insurer has a duty to defend.  *Lime Tree Village Community Club Ass'n, Inc. v. State Farm General Ins. Co.*, 980 F.2d 1402, 140506 (11th Cir. 1993); *Trizec Properties Inc. v. Biltmore Const. Co.*, 767 F.2d 810, 811-12 (11th Cir. 1985) (insurer must defend when alleged facts fairly and potentially bring the suit within policy coverage); *Baron Oil Co. v. Nationwide Mut. Fire Ins. Co.*, 470 So.2d 810, 815 (Fla. Dist. Ct. App. 1985).  If the allegations of the complaint leave any doubt as to the duty to defend, the question must be resolved in favor of the insured.  *Trizec Properties*, 767 F.2d at 812; *Baron Oil*, 470 So.2d at 814.  An insurer is under no duty to defend if the allegations in the complaint implicate a policy exclusion.  *Markel Intern. Ins. Co., Ltd. v. Florida West Covered RV & Boat Storage, LLC*, 2011 WL 3505217, *1 (11th Cir. Aug. 11, 2011); *State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31, 35 (Fla. Dist. Ct. App. 2003).  "[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify."  *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) quoting *Philadelphia Indent. Ins. Co. v. Yachtsman's Inn Condo Ass'n, Inc.*, 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009) .

The Vanliner policy, attached to the Complaint as Ex. B, contains this provision defining the coverage provided:

> SECTION II - LIABILITY COVERAGE
> A.    Coverage
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, *caused by an "accident" and resulting from the ownership, maintenance or use of a covered 'auto'*.

Compl. Ex. B (Truckers Coverage Form CA 00 12 03 06 (Page 2 of 14)) (emphasis supplied).

**McTigue's Amended Complaint**

As stated above, the Court must determine whether the allegations of fact made in McTigue's Amended Complaint show any basis for imposing liability upon Wheeler's that fairly and potentially bring the suit within the automobile policy issued by Vanliner's to Wheeler's. McTigue's Amended Complaint ("McTigue Compl.") against Wheeler's alleges that McTigue visited Wheeler's to retrieve his personal belongings stored at Wheeler's premises. McTigue Compl. ¶ 6. While there, Wheeler's employee, Dennis Crawford ("Crawford"), locked and falsely imprisoned Mctigue inside one of Wheeler's moving vans. McTigue made repeated requests to Crawford to let him out of the moving van, in the presence of other employees of Wheeler's. However, neither Crawford nor the other employees would let McTigue out of the moving van. McTigue Compl. ¶ 7. Subsequently, because he would not be let out of the moving van, McTigue attempted to break out and escape through a

window in the van.  In doing so, McTigue sustained physical injury to his body.  Once McTigue got out, he was then physically assaulted and battered by Wheeler's employee, Crawford, at Wheeler's premises.  Compl. ¶ 8.

McTigue's Amended Complaint alleges two counts for Negligent Hiring and/or Negligent Retention and Negligent Supervision.  A cause of action for negligent hiring, retention and supervision is well-established in Florida.  *See Mallory v. O'Neil*, 69 So.2d 313, 315 (Fla. 1954).  "[A]n employer is liable for the willful tort of his employee committed against a third person if he knew or should have known that the employee was a threat to others." *Tallahassee Furniture Co., Inc. v. Harrison*, 583 So.2d 744, 750 (Fla. Dist. Ct. App. 1991) (quoting *Williams v. Feather Sound, Inc.*, 386 So.2d 1238, 1239-40 (Fla. Dist. Ct. App. 1980).  "Liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Green v. RJ Behar & Co., Inc.*, 2010 WL 1839262, *3 (S.D. Fla. May 6, 2010) quoting *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006) (citing *Garcia v. Duffy*, 492 So.2d 435, 438-39 (Fla. Dist. Ct. App. 1986)).

**Commission of a Tort in a Parked Vehicle**

Liability for an injury resulting from a criminal assault in and about an automobile is generally not covered by a motor vehicle liability policy because such injuries cannot be said to arise out of use of an automobile within the meaning of a coverage provision.  *See Race v. Nationwide Mutual Fire Insurance Co.*, 542 So.2d 347, 349 (Fla. 1989) (assault while exchanging insurance information after a fender-

bender accident does not fall within uninsured motorist coverage); *Lancers Insurance Co. v. Gomez*, 799 So.2d 334, 337 (Fla. Dist. Ct. Appeal 2001) (bus owner's automobile liability policy does not apply to injuries suffered when three men hijacked bus and drove it to a deserted grove where the passengers were robbed, and one passenger was shot and killed).  In both *Race* and *Lancers*, the courts held the mere fact that an automobile is within the line of causation of an injury does not mean that the injury arose out of use, ownership or maintenance of the automobile.  Both cases identified three criteria for determining whether an injury arises out of use of the automobile: (1) Did the accident arise out of the inherent nature of the automobile? (2) Did the accident arise within the natural territorial limits of an automobile, and did the accident occur before the actual use, loading, or unloading terminated? and (3) Did the automobile, itself, produce the injury, rather than merely contribute to the condition that produces the injury?

The facts alleged in this case do not meet this criteria.  The injuries did not arise out of the inherent nature of the van; the injuries did not occur before the actual use, loading or unloading of the van, since it was not being used; and the van, itself, did not produce the injury.  The mere fact that a vehicle is the site of an injury or incident is insufficient to create a connection between the use of the vehicle and the injury so as to bring the injury within coverage by an automobile policy.  *Lancer Ins. Co. v. Gomez,* 799 So.2d 334, 337 (Fla. Dist. Ct. App. 2001).  If the assaults in *Race* and *Lancer* did not satisfy these criteria for purposes of

establishing coverage, neither can the facts alleged here.

In *Race*, the Supreme Court also discussed the case of *Watson v. Watson*, 326 So.2d 48 (Fla. Dist. Ct. App. 1976).  Watson involved the death of a person caused by accidental discharge of a firearm as the person unloaded possessions from a vehicle prior to it being towed.  The automobile liability carrier defended against a wrongful death claim by asserting that the accident did not arise out of the ownership, maintenance, or use of the vehicle.  The *Watson* opinion was cited in *Race* with approval:

> [I]n order for liability coverage to exist, the incident must arise out of the ownership, maintenance or use of the car. The term "arising out of" has been interpreted to mean "originating from", "growing out of", or "flowing from." This does not require a showing of proximate cause between the accident and the use of the car, but there must be a causal connection or relation between the two for liability to exist.
>
> 326 So.2d at 49. Referring to the argument for coverage, the court said:
>
> ... We do not agree that this is sufficient to establish a causal relation between the death of John Watson and the use of the car.
>
> Here, the car was merely the physical situs of the accidental discharge of the pistol. This could have occurred anywhere the pistol was located. The fact that the fatal event occurred at or near the car was fortuitous. There was no causal connection between it and the use of the auto. The death of John Watson occurred through the use of a pistol, not the use of a car. Thus, there is no coverage under Interstate's policy. *Id*. at 49.

*Race*, 542 So.2d at 350 (quoting *Watson*, 326 So.2d at 49) (citations omitted).

Applying these principles, the Florida Supreme Court in *Race* determined that "the connection between Race's injury and Thompson's motor vehicle was too

tenuous to provide [automobile] coverage." *Id*. at 351.  Application of the *Race* opinion to the facts here mandates the conclusion that injuries sustained as a result of an intentional crime perpetrated by a negligently hired, retained or supervised employee in his employer's parked moving van, is not an accident arising from the vehicle's "ownership, maintenance, or use."   Here, as a matter of law, the acts described in McTigue's Amended Complaint are not those recognized as arising out of the "use" of a vehicle.  *Boatright v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2220250, *2 (M.D. Fla. June 2, 2010).  Since there are no allegations in Wheeler's Complaint that identifies any provision in the Vanliner policy which would cover negligent hiring, retention or supervision claims, the complaint fails to state the basis of plausible entitlement to relief and instead relies on an unsupported conclusion that Vanliner's refusal to defend and indemnify constitutes a breach of contract.

On January 11, 2012, Wheeler's filed an amended complaint.  *See* DE 96 & 98.  In this amended complaint, Wheeler's adds another count against Vanliner (Count III).  Wheeler's alleges that at the time of the McTigue incident, Wheeler's was also insured by Vanliner under an umbrella liability insurance policy.  The filing of another count against Vanliner does not change the conclusions made herein regarding Count II, alleging breach of contract against Vanliner pursuant to its commercial auto policy.  Therefore, in accordance with the findings and conclusions reached herein, it is hereby

ORDERED AND ADJUDGED that Vanliner Insurance Company's Amended Motion to Dismiss Complaint With Prejudice [DE 19] is GRANTED in part and denied in part. Count II of the Complaint is stricken with prejudice. Since a new count alleging that the Vanliner umbrella liability insurance policy is applicable, the Court cannot dismiss the complaint as to Vanliner with prejudice. It is further

**ORDERED AND ADJUDGED** that Vanliner's Appeal of Magistrate's Omnibus Order [DE 66] is denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 11th day of January, 2012.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record